■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIRO PEREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered June 11, 1982, convicting him of criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial (Lerner, J.), after a hearing, of the defendant's motion to suppress physical evidence and his statements to the police. By order dated August 20, 1984, this court held the appeal in abeyance and remitted the matter to the Supreme Court, Queens County, to hear and report on the defendant's suppression motion in light of the additional evidence which was adduced at trial bearing on the subject *(People v Perez,* 104 AD2d 454). The Supreme Court, Queens County (Gallagher, J.), has now complied and submitted its report.

Judgment reversed, on the law and the facts, so much of the defendant's motion as was for the suppression of his statements to the police granted, and a new trial ordered.

The record before us shows clearly that prior to the defendant's first admission that the subject gun belonged to him, the police had their guns drawn, had announced that they were going to "lock up everybody for the gun", and were approaching the suspects with their handcuffs out. Accordingly, the defendant was, for all intents and purposes, under arrest before the initial admission was uttered *(see, Dunaway v New York,* 442 US 200). As we intimated in our previous decision, such arrest was not based on probable cause *(People v Perez, supra).* Inasmuch as it is obvious that the defendant's admission of ownership, as well as the second admission which followed immediately thereafter, derived from this illegal

arrest, his admissions should have been suppressed as the so-called "fruit of the poisonous tree" and should not have been used against him at trial (see, Wong Sun v United States, 371 US 471; People v Rogers, 52 NY2d 527, cert denied 454 US 898, reh denied 459 US 898). Lazer, J. P., Gibbons, Weinstein and Niehoff, JJ., concur.